IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-118-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN ALEXANDER ALDAYA | ) | |
| Defendant. | ) | |

This matter comes before this court on the following pre-trial motions filed by Defendant John Alexander Aldaya ("Defendant"): (1) Motion for Early Disclosure of *Brady/Giglio* Material [DE-41]; and (2) Motion to Sequester Government Witnesses [DE-42]. The government has filed a consolidated response to Defendant's motions. [DE-48]. Accordingly, these motions are ripe for ruling.

## I. STATEMENT OF THE CASE

On 24 July 2012, a grand jury sitting in the Eastern District of North Carolina returned a superceding indictment against Defendant and his co-defendant, charging Defendant in count one with possession with intent to distribute one hundred (100) kilograms or more of marijuana in violation of 21 U.S.C. § 841(a). [DE-50]. This case is set for arraignment and trial at the court's 4 September 2012 criminal term of court. [DE-44].

## II. DISCUSSION

A. *Favorable or Brady/Giglio Evidence*

Defendant has moved for the production of exculpatory materials as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and for materials affecting the credibility of government witnesses

pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). [DE-72].

Pursuant to *Brady* and its progeny, the government is required to disclose evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. That requirement includes the disclosure of evidence that could potentially be used to impeach or discredit a government witness. *Giglio*, 405 U.S. at 154. Furthermore, the government has a duty "to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 438 (1995). Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that there is no violation of a defendant's right to due process so long as the government discloses exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).

Accordingly, the government must provide Defendant with the complete prior criminal record of each witness as well as information regarding all prior material acts of misconduct of each witness. *See United States v. King*, 121 F.R.D. 277, 280 (E.D.N.C. 1988) (explaining in addition to its duty under *Brady* to disclose exculpatory evidence, the government must provide defendant all information that may arguably impeach or discredit a government witness). The government must disclose also any records or information within its possession which might be useful to the defense in impeaching a government witness or which would reasonably lead to such impeaching evidence, including, *inter alia*, psychiatric reports and evidence of narcotics addiction or usage. *Id.* Defendant is entitled also to any inconsistent statements made by a witness with respect to events at issue. *Id.* The government must disclose all plea agreements and promises of leniency, immunity,

2

or other similar inducements to testify that have been given to witnesses. *United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988).

The government responds that it is aware of its obligation to provide material in the event of its discovery in a timely manner for effective use at trial. Gov't's Resp. at 4; *see United States v. Bracamontes*, No: 7:10-CR-30-F, 2010 U.S. Dist. LEXIS 50775, at *4, 2010 WL 2044501, at *2 (E.D.N.C. May 20, 2010) (stating "the Government's duty under Brady is self-executing and no order is necessary to invoke it"). However, the government contends that because trial is "not until October and is therefore some three months away," it need not provide *Brady* and *Giglio* material at this time. *Id.* at 4-5. "The court credits the government's assertion that it will disclose all exculpatory and impeachment evidence in time for its effective use at trial," *United States v. Howard*, No. 5:12-CR-9-D, 2012 U.S. Dist. LEXIS 90645, at *10, 2012 WL 2525625, at *3 (E.D.N.C. June 29, 2012) (citing *Smith Grading*, 760 F.2d at 532), but reminds the Government that this case is set for arraignment and trial at the court's 4 September 2012 criminal term of court. [DE-44]. Accordingly, the court DENIES Defendant's request that the court direct the government to produce *Brady* and *Giglio* material.

Moreover, to the extent Defendant seeks statements or summaries of statements of persons who gave information regarding Defendant or the facts alleged in the superceding indictment and who are not prospective witnesses for the Government, Defendant's motion is DENIED. Neither the Jencks Act nor Rule 16 requires disclosure of statements of non-testifying witnesses and the government is not obligated to disclose such statements. 18 U.S.C. § 3500; FED. R. CRIM. P. 16(a)(2); *King*, 121 F.R.D. at 279.

*B. Motion to Sequester Witnesses*

Defendant seeks an order, pursuant to Rule 615 of the Federal Rules of Evidence, to exclude all government witnesses from the courtroom during the examination of another government witness and to prevent the government's "prosecutor and case agent(s) from discussing the trial testimony of Government witnesses with other persons who will be called as Government witnesses at trial." [DE-42 at 1].

Rule 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." FED. R. EVID. 615. Under this rule, sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986). Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.") (citation omitted). Excepted from Rule 615 are (1) parties themselves, (2) designated representatives of corporations and (3) a person whose presence is shown by a party to be essential to the presentation of the case, or those authorized by statute to be present. FED. R. EVID. 615(1-3). A government investigative agent falls within the Rule 615(2) exception, even if the agent is expected to testify; however, only one agent may be exempted from sequestration under this exception. *Farnham*, 791 F.2d at 334 (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)); *see also United States v. Lovin*, No. 7:06-CR-45-BO-3, 2007 U.S. Dist. LEXIS 4914, at *5, 2007 WL 167454, at *2 (E.D.N.C. Jan. 17, 2007) (denying the government's request to exempt from sequestration agents from three different government agencies who jointly conducted the investigation).

4

Rule 615 does not prevent the government's prosecutor from discussing with government investigating agents or non-law enforcement witnesses who will testify at trial the testimony of previously called witnesses. In *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000), the Fourth Circuit rejected the assertion that Rule 615 was violated when a defense attorney discussed, outside of the courtroom, a prior witness's testimony with a witness who was about to testify. *Id.* at 316. The court noted a critical distinction exists between witnesses, who are the subject of Rule 615, and lawyers, who are not:

> Lawyers are not like witnesses, and there are critical differences between them that are dispositive in this case. Unlike witnesses, lawyers are officers of the court, and, as such, they owe the court a duty of candor. Of paramount importance here, that duty both forbids an attorney from knowingly presenting perjured testimony and permits the attorney to refuse to offer evidence he or she reasonably believes is false. Similarly, an attorney may not "counsel or assist a witness to testify falsely." And, if an attorney believes that a non-client witness is lying on the witness stand about a material issue, he is obliged to "promptly reveal the fraud to the court." The Supreme Court has emphasized the importance of attorneys' duty of candor: "Any violation of these strictures would constitute a most serious breach of the attorney's duty to the court, to be treated accordingly." Consequently, lawyers' ethical obligations to the court distinguish them from trial witnesses.

*Id.* at 318 (internal citations omitted).

Accordingly, Defendant's motion to exclude witnesses is ALLOWED IN PART and DENIED IN PART. All trial witnesses shall be sequestered. Additionally, each witness shall be prohibited from revealing previous trial testimony to any witness who has not yet testified. *See Rhynes*, 218 F.3d at 317. The government shall be allowed to designate and have present one investigative agent during the entirety of the trial pursuant to Rule 615(2), even if that agent is expected to testify. Of course, Defendant may also be present throughout the trial, even if he is expected to testify. FED. R. EVID. 615(1). To the extent Defendant's motion seeks an order preventing the government's

5

prosecutor from discussing with witnesses the testimony of previously called witnesses, Defendant's motion is DENIED.

### III. CONCLUSION

For the reasons set forth above, the court orders that:

1. Defendant's Motion for Early Disclosure of *Brady/Giglio* Material [DE-41] is **DENIED**.

2. Defendant's Motion to Sequester Government Witnesses [DE-42] is **ALLOWED IN PART** and **DENIED IN PART**.

This, the 10th day of August, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge

6

Case 5:12-cr-00118-F   Document 72   Filed 08/10/12   Page 6 of 6