IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-118-1-F
No. 5:12-CR-118-3-F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN ALEXANDER ALDAYA, | ) | |
| JUNIOR FERNANDEZ, | ) | |
| Defendants. | ) | |

This matter came on for hearing again on John Alexander Aldaya's Motion to Suppress [DE-39], supplemented by additional briefs of the parties.[1] See Responses [DE-82] and [DE-83]. The defendant, Aldaya, was present with his counsel, Joseph E. Zeszotarski, Jr.; the Government was represented by Special Assistant United States Attorney Shawn R. Evans. The hearing resumed with Det. J. Marbrey, Raleigh Police Department, on the witness stand and still under oath, on cross-examination[2] by Mr. Zeszotarski. Following cross and re-direct of Det. Marbrey, the Government called Det. Christian Allen, Johnston County Sheriff's narcotics detective, who assisted in the investigation and search at issue.

The evidence elicited during the hearing touched on a number of issues common to premises search challenges, but the court's primary concern was Aldaya's standing to assert a violation of his Fourth Amendment rights under these particular circumstances. The parties do not contest that the warrant application at issue contained no statements concerning ownership or possession of the doublewide trailer located at 2576 Hwy 231, Wendell, North Carolina

---

[1] This order also contains a ruling on co-defendant Junior Fernandez's Motion to Continue [DE-86]. Fernandez is not a party to the suppression motion.

[2] Although the defendant has the burden of proof with regard to his standing to contest the search warrant and subsequent search and seizure, the Government bears the overall burden to demonstrate that its actions were lawful.

(hereinafter, "the 231 house"), no mention of the defendant much less any nexus between him and the premises or any vehicles observed there, and no allegations concerning the expected contents of the premises. The warrant requested and obtained was to search for "1. Evidence of ownership or possession of premises at 2576 Hwy 231 Wendell, N.C. 27591" and "2. Records of controlled substance sales, including: ledgers, currency, electronic storage devices, notes, and paperwork indicating sales, amounts[,] names, phone numbers and addresses or similar information of potential clients and/or suppliers." Prior to obtaining the search warrant, the officers had not attempted by checking public records to ascertain who owned, leased or otherwise occupied the premises, and had not attempted to determine in whose name the utilities were listed. The officers did not seek a search warrant for drugs or other contraband, because they did not believe probable cause existed for such a search.

During his cross-examination of Det. Marbrey, the defendant introduced a copy of an evidence inventory prepared following the search at issue, and copies of 15 photographs. He did not offer any additional evidence.

Based on the evidence received during the suppression hearings conducted herein, together with matters of record in this case, the court enters the following:

### FINDINGS OF FACT

1. The defendant, John Alexander Aldaya, had not been observed or identified by law enforcement authorities who were investigating a purported marijuana trafficking organization in Wake and Johnston Counties during the months preceding February 7, 2012.

2. Law enforcement officers had not observed or identified any vehicle associated with the defendant, John Alexander Aldaya, at or near the 231 house or either of the other two residences under surveillance during the months preceding February 7, 2012.

2

3. Law enforcement officers did not believe and had no reason to believe that the defendant, John Alexander Aldaya, had any ownership, possessory or custodial interest in the 231 house during the months preceding February 7, 2012.

4. On February 7, 2012, Raleigh Police Det. Marbrey obtained a documents search warrant from Johnston County Superior Court Judge Tom Locke, to search the premises of 2576 Hwy 231 Wendell, N.C. 27591, for:

> 1. Evidence of ownership or possession of premises at 2576 Hwy 231 Wendell, N.C. 27591, and
>
> 2. Records of controlled substance sales, including: ledgers, currency, electronic storage devices, notes, and paperwork indicating sales, amounts[,] names, phone numbers and addresses or similar information of potential clients and/or suppliers.

5. At the time Det. Marbrey applied for the documents search warrant, he did not know who owned, leased or otherwise occupied the 231 house, and had not attempted to ascertain in whose name any utilities were listed.

6. While Det. Marbrey waited in his car for back-up officers to arrive at the scene for the documents search of the 231 house, Det. Marbrey observed several individuals transferring large black plastic trash bags from a light-colored Ford Ranger pickup truck with a blue tarp and small white car into the 231 house. In light of information he possessed concerning activities of some purported members of the marijuana trafficking organization, Det. Marbrey believed the individuals were attempting to move or conceal large quantities of marijuana. He contacted Det. Allen who was organizing the back-up team and urged him to hurry in light of what he was observing.

7. When law enforcement officers arrived and approached the 231 house to execute the search warrant, Det. Allen observed the individuals who had been unloading the vehicles run into the house and lock the doors.

3

8. The four individuals who had fled into the 231 house refused to open the doors for the law enforcement authorities, and the officers therefore applied a battering ram to a sliding glass door.

9. After the premises was cleared and the four individuals restrained and seated on the living room floor, the officers began execution of the search warrant. Det. Marbrey observed that one individual had stretched out prone and was banging his head on the floor where broken glass was scattered. When Det. Marbrey approached the individual to stop him, the individual, who was the defendant, John Alexander Aldaya, asked in a low voice that Det. Marbrey take him outside.

10. Once outside, Aldaya stated to Det. Marbrey that he wanted to "own up" to the "stuff in the black plastic bags," but advised that the other items in the house were not his.

11. Law enforcement officers observed in plain view a number of large black plastic trash bags containing marijuana throughout the 231 house, together with a mattress and some personal items, video game accessories, and a notebook containing what appeared to be song lyrics. A television set was located in one room although officers did not determine whether it was operable; an officer located a firearm under an air mattress in another bedroom. There were a few items in the refrigerator, including a beverage carton, an open bottle of wine and some condiments. Packaged marijuana, but no food, was stored in the freezer.

12. Officers also observed what appeared to be an indoor marijuana "grow room" and related equipment, as well as a shelf on which several purported psilocybin mushrooms were drying. The interior of the mobile home had been modified, apparently to conceal the indoor grow in the master bedroom, and all the windows in the trailer were covered.

13. No evidence was offered whether any of the individuals had a key to the trailer, or whether the defendant or any other person claimed the personal items discovered in the trailer or admitted having been there before. No evidence was presented suggesting who owned,

leased or occupied the residence, if anyone, and no law enforcement officer testified that he ever had observed anyone entering or leaving the premises, although vehicles occasionally had been seen.

14. The defendant, John Alexander Aldaya, is charged in Count One of a First Superseding Indictment [DE-49] with knowingly and intentionally possessing with the intent to distribute one hundred (100) kilograms or more of marijuana on February 7, 2012, in violation of 21 U.S.C. § 841(a). Junior Fernandez and another individual are charged with the same offense in Count Two.

## ANALYSIS

The Government is correct that its burden in demonstrating the existence of probable cause for issuance of a warrant is to convince the judicial officer that the facts and circumstances as a whole support a common sense determination that " 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " United States v. Williams, 974 F.2d 480, 481 (4th Cir. 1992) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). However, where, as here, a question exists as to a defendant's capacity or standing to challenge the search under the Fourth Amendment, it is the defendant who first must establish that he has a "legitimate expectation of privacy" in the area searched. See, e.g., United States v. Padilla, 508 U.S. 77, 82 (1993). Because Fourth Amendment rights are personal rights "[that] may not be vicariously asserted," Rakas v. Illinois, 439 U.S. 127, 133-34 (1978), the defendant must demonstrate that his subjective expectation of privacy "is one that society is prepared to recognize as 'reasonable.' " Id. at 143, n.12.

Accordingly, whether or not a defendant has the capacity or standing to challenge a search pursuant to a warrant has a dual nature – a subjective one and an objective one. That is, the defendant first must present a factual basis to support a finding that he possessed a subjective expectation of privacy in the place searched, then must show that his subjective

5

expectation was a legitimate and reasonable one that society is prepared to recognize. See, e.g., Minnesota v. Carter, 525 U.S. 83, 88 (1998) (observing that in order to be "legitimate," an expectation of privacy must be objectively reasonable – that is, it must flow from "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society") (citation omitted)).

The defendant's "Motion to Suppress Evidence from Search of 2576 Hwy 231, Wendell, NC" [DE-39] advances a facial challenge to the sufficiency of the documents search warrant Det. Marbrey obtained from Superior Court Judge Locke on February 7, 2012. The facts, as recited by the parties in their opening briefs and as outlined during the initial suppression hearing on August 21, 2012, raised in the court's mind a serious question whether the defendant's personal privacy concerns were implicated by the warrant and the execution thereof. The parties' supplemental briefs, see [DE-82] and [DE-83], explore the "standing" issues.

The defendant's standing argument focuses primarily on the "items seized" during the execution of the documents search warrant rather than on the premises searched. However, unlike some cases in which an item is seized from the person of an individual present at the site of a search, the "items seized" – the large black plastic trash bags containing marijuana – were located in the house, and were not removed from Aldaya's person. Under the facts and circumstances of the February 7, 2012, execution of the documents search warrant at 2576 Hwy 231, Wendell, N.C., the defendant bears the burden of demonstrating his subjective and objective legitimate expectation of privacy in the *place searched*.

Aldaya did not, however, present any evidence at all of either a personal subjective expectation of privacy in the 231 house, or a legitimate objective expectation of privacy flowing from "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." Carter, 525 U.S. at 88. The only evidence presented at either hearing or contained in other

6

competent evidence of record concerning John Alexander Aldaya's connection to the 231 house is: (1) that he was present and fled into the house when the police arrived, (2) that he expressed an ownership or possessory interest in the contents of some black plastic trash bags located inside the house, later discovered to contain marijuana, and (3) that he disavowed any ownership or possessory interest in any other item located inside the house.

No evidence was adduced to suggest that he used the mattress and video gaming equipment in one bedroom, or that the items of clothing were his, or that he knew about or was involved in the apparent marijuana grow operation in the trailer, or indeed, that he ever had been to that location before that day. See, e.g., United States v. Gray, 491 F.3d 138, 151-52 (4th Cir. 2007) (refusing to find that the presence of scattered personal possessions – a change of clothes, a toothbrush, and his Playstation console – suffices to transform a drug trafficking business relationship into a social one, as such an interpretation would confer upon "every person planning illegal activity . . . a legitimate expectation of privacy [not only] in this own home, but also in the home of every acquaintance where he could stash some personal belongings").

Furthermore, any argument that Aldaya was some sort of guest or invitee is ludicrous in light of the absolute dearth of evidence of who, if anyone, may have owned, leased or occupied the trailer. In short, the record is utterly devoid of any facts upon which the defendant, John Alexander Aldaya, may rely to demonstrate "a legitimate expectation of privacy in the premises" of 2576 Hwy 231, Wendell, N.C.

Based on the foregoing FINDINGS OF FACT, the court enters the following:

### CONCLUSIONS OF LAW

1. The defendant, John Alexander Aldaya, failed to carry his burden to demonstrate that he had any cognizable expectation of privacy – reasonable or unreasonable, subjective or

7

objective, legitimate or otherwise – in the premises known as 2576 Hwy 231, Wendell, N.C. on or before February 7, 2012.

2. The defendant's assertion of ownership or other possessory interest in large black plastic bags containing marijuana that were located within that premises and not on his person does not confer on him any right to mount a constitutional challenge to the subject search warrant, its execution, or the fruits thereof.

3. The defendant lacks the capacity or "standing" to assert a Fourth Amendment challenge to the search of the 231 house, or to any evidence seized as a result thereof.

Based on the foregoing FINDINGS OF FACT and CONCLUSION OF LAW, it hereby is **ORDERED** that John Alexander Aldaya's Motion to Suppress [DE-39] is DENIED. Moreover, as announced in open court following the second suppression hearing, the trial of this matter is CONTINUED to the court's **January 14, 2013**, term of court in Wilmington, North Carolina. This continuance applies also to co-defendant Junior Fernandez, whose own Motion to Continue [DE-86] also is ALLOWED to the **January 14, 2013,** term.

The continuances ordered herein are necessary in order to permit counsel for the Government and for the defendants to prepare for trial. The court further finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendants in a speedy trial. For these reasons, and because the above-named defendants are joined for trial and no severance has been granted, the delay occasioned by these continuances shall be excluded from the computation of their speedy trial times. See 18 U.S.C. § 3161(h)(6), 7(A), (B).

SO ORDERED.

This, the 26th day of October, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

8